FILED
2024 May-07  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CYNTHIA MADISON,                        )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )        CIVIL ACTION NUMBER:
                                        )        CV-2024
                                        )        JURY DEMAND
SYSCO CENTRAL ALABAMA,                  )
LLC., a subsidiary of SYSCO            )
CORPORATION,                            )
                                        )
        Defendant.                      )

# COMPLAINT

## I.    INTRODUCTION

This is an action brought by Cynthia Madison against Sysco Central Alabama, LLC, a subsidiary of Sysco Corporation, for legal and equitable relief to redress gender/sex discrimination in violation of Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991". The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq.* providing for injunctive and other relief against gender/sex discrimination in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory damages, punitive damages, and requests a trial by jury.

1

## II.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq*.

2.    Plaintiff timely filed her charge of gender/sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory/retaliatory treatment. Plaintiff further files this lawsuit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## III.    PARTIES

3.    Plaintiff, Cynthia Madison, is a female citizen of the United States and a resident of the State of Alabama.  Plaintiff sought employment with Defendant and was not hired due to her sex, female.

4.    Defendant, Sysco Central Alabama, LLC, a subsidiary of Sysco Corporation, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq*.  Defendant employs at least fifteen (15) persons and does business in Shelby County, Alabama.

2

## IV. FACTS

5. After obtaining her CDL, Plaintiff applied for a position with Defendant to be a truck driver. She interviewed with Defendant on December 14, 2022, to become a CDL Class A Driver in Defendant's Transportation Department.

6. Plaintiff understood, at the time she applied for the Driver position, that the position included the responsibility for delivering customer orders in a professional, safe, and efficient manner. Plaintiff also was aware that she would have been responsible for operation of a Class A commercial tractor and various-sized trailers, to include manually unloading and delivering various products (meats, produce, frozen foods, groceries, dry goods, supplies, etc.) to customer locations on an assigned route schedule.

7. The job posting to which Plaintiff applied listed the qualifications and requirements for the position and specifically stated that "recent driving school graduates" were welcome to apply.

8. Plaintiff had the credentials necessary for the job and was qualified when she applied for the CDL Class A Driver position. Specifically, Plaintiff held a valid Medical Examiner's Certificate (MEC) and Class A Commercial Driver License (CDL).

9. Plaintiff informed Defendant that she was physically capable of performing the work associated with the position. However, throughout Plaintiff's

3

interview with Defendant, the male interviewer, Adam Massey, Transportation Manager, did not take her interview seriously because he did not think she, as a female, could perform the physical requirements of the position. During the interview Massey brought up the fact that he had a stay-at-home wife.

10. During her interview, Plaintiff inquired if Defendant hired women and was informed, by Mr. Massey, that they did not hire women for the job because of the physical requirements.

11. Plaintiff was not allowed to take any physical test to show or prove that she was able to perform the job in which she applied.

12. Plaintiff is aware of other female applicants who were not hired for the CDL Class A Driver position.

13. There were male applicants who applied for these same driver positions who were interviewed and hired for the CLD Class A Driver position. Some of these male applicants had recently graduated from the same driving school as Plaintiff.

14. Defendant has a pattern and practice of sex discrimination in hiring. Defendant hires males for the Driver position at a much higher percentage than it hires females.

15. Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

16. Defendant's actions were willful, with malice and with reckless disregard.

## V.    CAUSES OF ACTION

### CLAIMS OF GENDER/SEX DISCRIMINATION IN HIRING PURSUANT TO TITLE VII

17. Plaintiff re-alleges and incorporates by reference paragraphs 1-16 with the same force and effect as if fully set out in specific detail hereinbelow.

18. Plaintiff has been discriminated against on the basis of her gender/sex in regard to hiring as well as other terms, conditions and privileges of employment.

19. Defendant had no legitimate non-discriminatory reason for its conduct of not hiring the plaintiff as a Driver.

20. Defendant's reason for Plaintiff's non-hiring was pretextual and discriminatory.

21. Plaintiff was treated differently than similarly situated individuals who were not female.

22. Defendant has a pattern and practice of sex discrimination in hiring.

23. Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

24. Defendant's actions were willful, with malice and with reckless disregard.

5

## IV.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*

B.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*

C.    Enter an order requiring Defendant to make the Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of gender/sex discrimination, back-pay (plus interest), punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits.

6

D.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY**

Respectfully submitted,

Kevin W. Jent
Rocco Calamusa, Jr.
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com

Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint

Defendant's Address:
Sysco Central Alabama, LLC
    a subsidiary of Sysco Corporation
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

7